[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION
The defendant moves for an extension of time to file its appeal until the court addresses the defendant's Motion for Reargument or Further Articulation.
The latter motion asks the court to address the absence of any discussion in the court's previous memorandum of decision about the effect of certain supplemental correspondence among the arbitrators. This correspondence addressed the identical issue raised in the defendant's objection to the plaintiff's application to confirm arbitration, namely whether the umpire evaluated the plaintiff's loss according to the correct standard. CT Page 10407
The reason the court did not address the issue of the subsequent correspondence is that the defendant's supplemental memorandum, filed after oral argument, did not find its way to the file for consideration by the court. This occurred even though it was file-stamped by the clerk's office on April 13. The court had only the Memorandum in Support of Defendant's Objection which had been filed in court on April 3, 1998, the day of oral argument.
Therefore, in fairness, the court has undertaken a full reevaluation of the record and the arguments of counsel in order to determine whether to vacate, change, supplement, or reaffirm its prior decision confirming the arbitration.
The court now takes into consideration the defendant's claim that, although the award was issued in December 1997, it was not final because the subsequent correspondence indicates that no one, including the umpire, considered it to be so. To the contrary, the correspondence supports the plaintiff's claim that the Findings of Umpire issued in December constituted a final award.
By letter of December 31, 1997, the defendant indicated receipt of the umpire's decision and the defendant's objection to it. The letter to the umpire further states the defendant's position that "the appraisal is not completed until an actual cash value is determined." The umpire, Harry Heller, circulated the letter from defendant's counsel to the two other appraisers but did not respond in any way directly to the defendant. After the appraiser appointed by the defendant sent a letter dated February 24, 1998, to the umpire inquiring about the status of the matter, the umpire responded on March 24, 1998, to that appraiser, with copies to counsel for plaintiff and for defendant, that the award issued on December 22, 1997, had been a final award.
Upon receipt of the award, the defendant, who disagreed with the decision, decided not to challenge the award in the method prescribed by statute, but decided instead to quibble over whether the award was actually "complete," all the while knowing that time was passing to move to vacate the award. The umpire and plaintiff's appraiser, constituting a majority arbitration panel, treated it as a complete award. Any objective observer, as this court is, could only view the award as final. Indeed this court CT Page 10408 finds the Findings of Umpire dated December 22, 1997, to be the final arbitration award.[1]
But either way, whether the court treats the award as final as of December 1997 or March 1998, the defendant has still never filed a motion to vacate the award. The defendant's objection to the award is not really that the umpire did not complete the appraisal, but rather that the appraisal is wrong.[2] While the defendant can characterize its objection and request to remand as a failure of the umpire to subtract an appropriate amount for depreciation and thus complete the mathematical calculation, it is really a disagreement over methodology and the correct standard used to measure damages.
Such a challenge, even if meritorious, must still be lodged by way of an application to vacate the award, not an objection to confirmation. The court, taking into account the prior submissions of the parties and the submission of April 8, 1998, reaffirms its decision of August 21, 1998.
The court grants the defendant's Motion for Reargument or Further Articulation but following such reconsideration declines to grant any different relief than was previously entered in the court Memorandum of Decision and Judgment of August 21, 1998.
The court grants the defendant's Motion for Extension of Time to Appeal, up to and including Monday, September 21, 1998.
Pittman, J.